**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

THORIS L. BURT,

Plaintiff,

v. Case No: 6:26-cv-1102-CEM-CAB

DELTEK, INC.,

Defendant.

---

**ORDER**

This cause comes before the Court on two motions filed by *pro se* Plaintiff: Motion to Proceed *In Forma Pauperis* ("*IFP*") (Doc. 3) and Motion for Permission to File Electronically (Doc. 4). On review, Plaintiff's Motion to Proceed *IFP* (Doc. 3) will be **GRANTED**. Plaintiff's Motion for Permission to File Electronically (Doc. 4) will be **DENIED without prejudice**.

First, upon review of Plaintiff's Motion to Proceed *IFP*, the undersigned finds that Plaintiff has sufficiently established the poverty requirement and is entitled to proceed without payment of a filing fee. *See Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). Although the undersigned finds that Plaintiff's complaint meets the requirements of 28 U.S.C. § 1915, this Order shall not be construed as a finding that Plaintiff's complaint states a claim upon which relief may be granted. Because Plaintiff is proceeding *pro se*, the Court must construe the allegations of the

complaint liberally. Therefore, the Court will permit the case to go forward and will address whether plausible claims for relief are stated if and when this issue is raised by the named Defendant.

As for Plaintiff's Motion for Permission to File Electronically, Plaintiff has not sufficiently established good cause for electronic filing, so this will be denied without prejudice. *See Hooker v. Wilkie,* No. 8:20-cv-1248-T-02CPT, 2020 WL 6947482, at *1 (M.D. Fla. June 4, 2020) ("[S]uch authorization is typically denied unless the *pro se* party makes a showing of good cause or extenuating circumstances justifying such relief."); *see also Fischer v. Dist. Sch. Bd. of Collier Cnty.*, No. 2:10-cv-512-FtM-29SPC, 2010 WL 3522215, at *1 (M.D. Fla. Sept. 7, 2010). Here, although Plaintiff contends that traveling to the courthouse to file documents is a hardship, he does not address the fact that filings can be conducted by *pro se* litigants through the mail. Nor do the typical costs and challenges associated with filing documents through the mail suffice to establish good cause for an electronic filing exception. *See Clifft v. Sch. Dist. of Lee Cnty.*, No. 2:25-cv-345-JES-DNF, 2025 WL 3012038, at *2 (M.D. Fla. Oct. 28, 2025), *reconsideration denied*, 2025 WL 3080533 (M.D. Fla. Nov. 4, 2025) (affirming denial of CM/ECF access to pro se litigants, finding that unpredictable delays and mail delivery risks, complexity of the case, and inability to obtain legal counsel did not rise to the level necessary to justify CM/ECF access); *Gerow v. Blackwell*, No. 8:24-cv-2280-KKM-NHA, 2024 WL 4679030, at *1 (M.D. Fla. Nov. 5, 2024) ("Gerow has not shown that his case is out of the ordinary. The reasons he claims that he needs electronic filing—the cost of printing, the cost of postage, the additional time required

to file paper documents, and the cost of PACER access—are common to all pro se litigants who file paper documents. If these burdens were enough to justify CM/ECF access, the exception would swallow the rule.”).

That said, “the Court in its discretion may grant a pro se party permission to receive electronic notifications.” *See Moore v. Adventist Health Sys. Sunbelt Healthcare Corp.*, No. 6:23-cv-1163-PGB-DCI, 2023 WL 4947933, at *1 (M.D. Fla. Aug. 3, 2023). The Court finds it appropriate to exercise such discretion here. *See id.*; *see also Cromity v. City of Orlando*, No. 6:24-cv-1688-CEM-DCI, 2025 WL 435901, at *1 (allowing service of court documents on *pro se* party by email); *Wilkins v. RCI, LLC*, No. 6:23-cv-849-PGB-EJK, 2023 WL 3453560, at *1 (M.D. Fla. May 15, 2023) (same). Therefore, the **Clerk of Court** is **DIRECTED** to add Plaintiff's email address, thoris.burt@outlook.com, to CM/ECF and ensure that Plaintiff receives Notices of Electronic Filings. Thereafter, Plaintiff will no longer receive a mailed copy of Court documents.

The **Clerk of Court** is further **DIRECTED** to mail summons and Marshal 285 forms to Plaintiff. It is **ORDERED** that Plaintiff shall complete and return the summons and Marshal 285 forms to the Court within **15 days** of the date of mailing. Once the completed summons and Marshal 285 forms are returned to the Court, the Clerk is directed to provide the completed service forms to the United States Marshal. It is **ORDERED** that, upon receipt of the completed service forms, the United States Marshals Service is directed to serve them upon Defendant without cost to Plaintiff.

The **Clerk of Court** is **DIRECTED** to provide a copy of this Order to the United States Marshals Service.

**DONE** and **ORDERED** in Orlando, Florida on August 7, 2026.

Chauncey A. Bratt
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties